UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NEW YORK

---

ANNA YODER,

Plaintiff,

v.

NORTHEAST BIOLAB, INC. and VIPIN AGARWAL

Defendants.

---

25-CV-1159-LJV
DECISION & ORDER

On November 7, 2025, the defendants, Vipin Agarwal and Northeast Bioanalytical Laboratories LLC ("NBI"),[1] removed this action—initially filed by the plaintiff, Anna Yoder, in the Supreme Court of the State of New York, County of Genesee—to this Court. Docket Item 1. The defendants invoked both federal question and diversity jurisdiction as grounds for removal. *Id.* ¶ 7. On December 4, 2025, Yoder moved to remand, challenging the existence of this Court's subject matter jurisdiction. Docket Item 13 at 3, 6.

For the reasons that follow, the Court denies Yoder's motion to remand. More specifically, the Court finds that it has subject matter jurisdiction under 28 U.S.C. § 1331 over Yoder's Fair Labor Standards Act ("FLSA") retaliation claim and exercises supplemental jurisdiction over her remaining state law claims.[2]

---

[1] NBI was "sued incorrectly as Northeast Biolab, Inc." Docket Item 1 at 1 (some capitalization omitted).

[2] The Court therefore need not, and does not, reach the question of whether it also has diversity jurisdiction. The Court notes, however, that the complaint pleads that

## LEGAL PRINCIPLES

Section 1441 allows a defendant to remove a civil lawsuit from state court to federal court so long as the federal court has original jurisdiction over the action. 28 U.S.C. § 1441(a). That jurisdiction most often arises because the lawsuit is between citizens of different states and more than $75,000 is at issue, *see* 28 U.S.C. § 1332 (diversity jurisdiction), or because the case "aris[es] under the Constitution, laws, or treaties of the United States," *see* 28 U.S.C. § 1331 (federal question jurisdiction).

Section 1367 allows a federal court to exercise supplemental jurisdiction over state law claims when those claims "are so related to claims" within the court's subject matter jurisdiction "that they form part of the same case or controversy." 28 U.S.C. § 1367(a). The supplemental jurisdiction statute "applies with equal force to cases removed to federal court as to cases initially filed there; a removed case is necessarily one 'of which the district courts [of the United States] have original jurisdiction.'" *City of Chicago v. Int'l Coll. of Surgeons*, 522 U.S. 156, 165 (1997) (quoting 28 U.S.C. § 1441(a)).

---

the plaintiff resides in New York, *see* Docket Item 1-1 at 5, and the notice of removal avers that the individual defendant resides in Connecticut and that the corporate defendant is incorporated in Connecticut and has its principal place of business there, see Docket Item 1 ¶ 3-4; *see also id*. ¶ 10 (pleading that "[p]laintiff is a citizen of New York while both [d]efendants are citizens of Connecticut and [p]laintiff has asserted claims for in excess of the jurisdictional threshold.") Moreover, the complaint seeks damages far in excess of the $75,000 jurisdictional threshold. *See* Docket Item 1-1 at 9.

## DISCUSSION

### I. SUBJECT MATTER JURISDICTION

The complaint asserts four causes of action stemming from Yoder's former employment at NBI, where Agarwal is co-president. Docket Item 1-1 at 7-9; *see* Docket Item 15 ¶ 2 (affidavit of Vipin Agarwal). The first, second, and third causes of action allege various violations of the New York Labor Law ("NYLL"). Docket Item 1-1 at 7-8. The fourth cause of action alleges violations of the anti-retaliation provisions of both the NYLL and the FLSA. *Id.* at 8-9. In fact, Yoder labels her fourth cause of action as "Retaliation NYLL § 215 and FSLA § 15(a)(3)." *Id*. at 8. And if there were any doubt, Yoder explicitly pleads that the "[d]efendants' actions violated NYLL § 215 *and FLSA § 15(a)(3), 29 U.S.C. § 215(a)(3).*" *Id.* (emphasis added). In other words, she unambiguously asserts a federal claim under the FLSA. *See McDowell v. Greener Image, Inc.*, 2006 WL 8433380, at *5 (S.D. Fla. Sep. 28, 2006) (explaining that 29 U.S.C. § 215(a)(3) "provides a cause of action for an employer's retaliation against an employee"). And this Court therefore has subject matter jurisdiction over that claim. *See McDowell*, 2006 WL 8433380, at *5; *see also Bruns v. Tucson Used Auto Sales*, 2024 WL 3811678, at *1 (D. Az. Aug. 14, 2024) ("Plaintiff alleges that [d]efendants violated the FLSA, thus the [c]ourt has federal question jurisdiction."); D*omi v. 2301 Kings LLC*, 2021 WL 5013659, at *1 n.1 (E.D.N.Y. Oct. 28, 2021) ("Plaintiff makes nominal reference to the FLSA, but that statute gets him nothing in this case except a jurisdictional hook into federal court.").

Yoder argues that the complaint's reference to federal law was meant merely to provide "contextual background" to her claim. *See* Docket Item 13-2 ¶ 4. But that is not what the complaint says; instead, it pleads without any ambiguity that Yoder's "own cause of action" is "based on federal law." *Marcus v. AT&T Corp.*, 138 F.3d 46, 52 (2d Cir. 1998). And because Yoder "is the master of [her] complaint," she was "free to avoid federal jurisdiction by pleading only state claims even where a federal claim is available." *See id.* (citing *Caterpillar Inc. v. Williams*, 482 U.S. 386, 392 (1987)). She did not do that.[3] *Cf. Phillips v. Nesher Pharms., LLC*, 2021 WL 765291, at *1 (E.D. Mo. Feb. 26, 2021) (holding that because the plaintiff pleaded only state law claims and intentionally "avoid[ed] asserting a claim under the [FLSA]," the federal court lacked subject matter jurisdiction). Yoder therefore has raised an FLSA claim over which the Court has subject matter jurisdiction.

## II. SUPPLEMENTAL JURISDICTION

The Court also finds that Yoder's state law claims stem from the same common nucleus of operative fact as her FLSA retaliation claim and therefore exercises supplemental jurisdiction over the state law claims. *See Treglia v. Town of Manlius*, 313 F.3d 713, 723 (2d Cir. 2002) (holding that a district court can exercise supplemental jurisdiction over a state law claim if it "arises out of approximately the same set of events as [the] federal . . . claim"). Indeed, all four causes of action "repeat[] and

[3] Contrary to Yoder's assertion, Docket Item 13-2 ¶ 13, the inclusion of the FLSA was not merely a "passing reference," nor was it provided as a public policy consideration; rather, it was an unequivocal assertion of a federal claim. *Cf. Fracasse v. People's United Bank*, 747 F.3d 141, 142, 145 (2d Cir. 2014) (explaining that the plaintiff pleaded only state law claims and the complaint's reference to FLSA as a policy argument did not invoke federal question jurisdiction).

reallege[]" the same core facts. *See* Docket Item 1-1 at 7-8. And Yoder does not suggest either in her motion to remand or in her reply that this Court's exercise of supplemental jurisdiction would be inappropriate. *See generally* Docket Items 13 and 16.

## **CONCLUSION**

For all those reasons, the Court finds that the complaint unambiguously raises a federal claim and that it can exercise supplemental jurisdiction over the remaining state law claims. Yoder's motion to remand, Docket Item 13, therefore is denied.

SO ORDERED.

Dated: September 30, 2026
Buffalo, New York

***/s/ Lawrence J. Vilardo***
LAWRENCE J. VILARDO
UNITED STATES DISTRICT JUDGE